# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

ROBERT LEE CHILDRESS, Jr.,

        Petitioner,

                                          CIVIL NO. 2:10-CV-10779

v.                                         HONORABLE PAUL D. BORMAN
                                          UNITED STATES DISTRICT COURT

RAYMOND BOOKER,

        Respondent.
_____/

## OPINION AND ORDER (1) SUMMARILY DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS, AND DENYING (2) A CERTIFICATE OF APPEALABILITY, AND (3) LEAVE TO APPEAL IN FORMA PAUPERIS

Robert Lee Childress, Jr., ("Petitioner"), presently confined at the Ryan Correctional Facility in Detroit, Michigan, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his application, filed *pro se*, petitioner challenges his conviction for larceny by conversion, M.C.L.A. 750.362(2)(a); false pretenses, M.C.L.A. 750.218; and intent to pass false title, M.C.L.A. 257.254. For the reasons stated below, the petition for writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE.**

## I. BACKGROUND

Petitioner was convicted of the above offenses after a jury trial in the Oakland County Circuit Court. On October 14, 2008, petitioner was sentenced to four and a half to thirty years in prison. Petitioner claims that he has not appealed from the judgment of conviction.[1] This Court has reviewed the Michigan Court of Appeals' internet website and it appears that petitioner has

---

[1] *See* Petition for Writ of Habeas Corpus, p. 2, ¶ 8.

1

filed an appeal from his conviction which remains pending before that Court.[2] Petitioner did file an action for a state writ of habeas corpus with the Wayne County Circuit Court, which was denied.

Petitioner now seeks federal habeas relief from his conviction.

## II. DISCUSSION

The instant petition is subject to dismissal because none of petitioner's claims have been properly exhausted with the state courts.

As a general rule, a state prisoner seeking federal habeas relief must first exhaust his available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c). *See Picard v. Connor*, 404 U. S. 270, 275-78 (1971). The Antiterrorism and Effective Death Penalty Act (AEDPA) preserves the traditional exhaustion requirement, which mandates dismissal of a habeas petition containing claims that a petitioner has a right to raise in the state courts but has failed to do so. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). A prisoner confined pursuant to a Michigan conviction must raise each habeas issue in both the Michigan Court of Appeals and in the Michigan Supreme Court before seeking federal habeas corpus relief. *Mohn v. Bock,* 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002). A habeas petitioner has the burden of proving that he or she has exhausted his or her state court remedies. *Sitto v. Bock,* 207 F. Supp. 2d 668, 675 (E.D. Mich. 2002). The failure to exhaust state court remedies

---

[2] *See People v. Childress,* No. 288657 (Mich.Ct.App.). Public records and government documents, including those available from reliable sources on the Internet, are subject to judicial notice. *See United States ex. rel. Dingle v. BioPort Corp.,* 270 F. Supp. 2d 968, 972 (W.D. Mich. 2003). A federal district court is permitted to take judicial notice of another court's website. *See e.g. Graham v. Smith,* 292 F. Supp. 2d 153, 155, n. 2 (D. Me. 2003). This Court further notes that the circuit court docket number in the case before the Michigan Court of Appeals corresponds to the circuit court number from the Oakland County Circuit Court for petitioner's 2008 convictions out of the that court, which this Court obtained from the Michigan Department of Corrections' Offender Tracking Information System (OTIS), which this Court is permitted to take judicial notice of. *See Ward v. Wolfenbarger,*323 F. Supp. 2d 818, 821, n. 3 (E.D. Mich. 2004).

may be raised *sua sponte* by a federal court. *See Benoit v. Bock,* 237 F. Supp. 2d 804, 806 (E.D. Mich. 2003); 28 U.S.C. § 2254(b)(3).

Federal habeas corpus relief is unavailable to a state prisoner who fails to allege that he or she has exhausted his or her available state court remedies. *See Granville v. Hunt,* 411 F. 2d 9, 11 (5th Cir. 1969). In the present case, the instant petition is subject to dismissal, because petitioner has failed to allege or indicate in his petition that he has exhausted his state court remedies. *See Peralta v. Leavitt,* 56 Fed. Appx. 534, 535 (2nd Cir. 2003); *See also Fast v. Wead,* 509 F. Supp. 744, 746 (N.D. Ohio 1981). Indeed, it appears that petitioner's appeal remains pending in the Michigan Court of Appeals. A habeas petition should be denied on exhaustion grounds where a state appeal or post-conviction motion remains pending. *See e.g. Juliano v. Cardwell*, 432 F. 2d 1051 (6th Cir. 1970). Moreover, if petitioner were to receive an adverse decision from the Michigan Court of Appeals, he would be required to seek leave to appeal from the Michigan Supreme Court in order to satisfy the exhaustion requirement. In order to exhaust a claim for federal habeas review, a petitioner must present each ground to both state appellate courts, even where the state's highest court provides only discretionary review. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 845-47 (1999)). Petitioner has not presented his claims to the Michigan Court of Appeals or to the Michigan Supreme Court. Therefore, he has not exhausted his state court remedies. *See Geeter v. Bouchard,* 293 F. Supp. 2d 773, 775 (E.D. Mich. 2003).

Moreover, the mere fact that petitioner challenged his conviction by filing a state habeas action in the Wayne County Circuit Court would not satisfy the exhaustion requirement. M.C.L.A. 600.4310(3) states that an action for writ of habeas corpus may not be brought by or on behalf of persons convicted, or in execution, upon legal process, civil or criminal. This

statutory prohibition is consistent with the rule under Michigan law that habeas corpus cannot serve as a substitute for an appeal and cannot be used to review the merits of a criminal conviction. *Cross v. Department of Corrections,* 103 Mich. App. 409, 414-415; 303 N. W. 2d 218 (1981)(*citing People v. Price,* 23 Mich. App. 663, 669; 179 N.W. 2d 177 (1970)). A writ of habeas corpus in Michigan deals only with radical defects which render a judgment or proceeding absolutely void. *Triplett v. Deputy Warden,* 142 Mich. App. 774, 780; 371 N. W. 2d 862 (1985)(*citing to In Re Stone,* 295 Mich. 207; 294 N.W. 156 (1940)). A judgment which is merely erroneous, rather than void, is subject to [appellate] review and may not be collaterally attacked in a habeas proceeding. *Id.* This policy of limiting habeas proceedings in Michigan is "premised on the concern that such an action may be abused and substituted for normal appellate proceedings." *Walls v. Director of Institutional Services Maxie Boy's Training School,* 84 Mich. App. 355, 357; 269 N. W. 2d 599 (1978). Because M.C.L.A. 600.4310(3) does not permit the use of a state habeas action to challenge the legality of a conviction, petitioner did not satisfy the exhaustion requirement by challenging his conviction in such an action. *See Nabors v. Warden, U.S. Penitentiary at Lewisburg, Pa.,* 848 F.2d 192 (Table), 1988 WL 50635, * 1 (6th Cir. May 23, 1988); *See also McPharlin v. Woods*, No. 2008 WL 4534234, * 1 (E.D. Mich. October 6, 2008).

    Petitioner has failed to exhaust his state court remedies and still has an available state court remedy with which to do so. Although a district court has the discretion to stay a mixed habeas petition containing both exhausted and unexhausted claims to allow the petitioner to present his unexhausted claims to the state court in the first instance, *See Rhines v. Weber,* 544 U.S. 269 (2005), in this case, a stay of petitioner's application for a writ of habeas corpus would

4

be inappropriate, because all of petitioner's claims are unexhausted and thus, the Court lacks jurisdiction over the petition while the petitioner pursues his claims in state court. *See Bailey v. Roe,* 135 Fed. Appx. 100, 101 (9th Cir. 2005); *Hust v. Costello,* 329 F. Supp. 2d 377, 380 (E.D.N.Y. 2004); *See also See also Meyer v. Warren,* 2006 WL 2644991, * 3 (E.D. Mich. September 14, 2006).

In addition, the present habeas petition was filed with this Court before petitioner's conviction became final with the state courts pursuant to 28 U.S.C. § 2244(d)(1)(A). Because the one year limitations period has yet to begin running in this case, petitioner would not be prejudiced if his habeas petition was dismissed without prejudice during the pendency of his state court appeal. Thus, a stay of the proceedings is not necessary or appropriate to preserve the federal forum for petitioner's claims. *See Schroeder v. Renico,* 156 F. Supp. 2d 838, 845-46 (E.D. Mich. 2001). The Court will dismiss the petition for writ of habeas corpus without prejudice.

The Court will also deny a certificate of appealability. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the

petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id.* "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

The Court declines to issue a certificate of appealability, because "jurists of reason" would not find it debatable whether this Court was correct in its procedural ruling that petitioner had failed to exhaust an available state court remedy with respect to his conviction. *See Colbert v. Tambi,* 513 F. Supp. 2d 927, 939 (S.D. Ohio 2007). The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Allen v. Stovall,* 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

## III.   CONCLUSION

Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus. The Court further **DENIES** a certificate of appealability and leave to appeal *in forma pauperis*.

**SO ORDERED.**

                                                        s/Paul D. Borman  
                                                        PAUL D. BORMAN  
                                                        UNITED STATES DISTRICT JUDGE

Dated: April 14, 2010

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on April 14, 2010.

                                              s/Denise Goodine
                                              Case Manager